UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JOSE ACOSTA,

                              Plaintiff,

                                                 21 cv 10147

      - against -

                                                **AMENDED**
                                                **COMPLAINT**

ABC FIVE WINGS, INC.,
and ALEX LOPEZ,

                                            Defendants.
-----------------------------------------------------------------------X

        Plaintiff Jose Acosta ("Plaintiff" or "Acosta"), by and through his attorneys, the Law Offices of Vincent E. Bauer, complaining of the corporation which operates the Food Universe Marketplace located at 126 Featherbed Lane, Bronx NY 10452, which corporation, upon information and belief, is ABC Five Wings, Inc. ("ABC Five Wings") and Alex Lopez (collectively, Defendants"), alleges the following:

## PRELIMINARY STATEMENT

1. This is a civil action brought by the Plaintiff to recover unpaid minimum wages, overtime and spread of hours compensation, and notice damages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

3. This Court has supplemental jurisdiction over the New York State law claims under the principles of pendent and ancillary jurisdiction.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff Jose Acosta**

5. Plaintiff is and was at all times relevant hereto an adult individual residing in Bronx County, New York.

6. From approximately July 2018 through on or about June 30, 2021, Plaintiff worked primarily as a delivery worker for ABC Five Wings.

7. Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

**Defendant ABC Five Wings**

8. Defendant ABC Five Wings, upon information and belief, operates one (or more) of a chain of independently-owned Food Universe Marketplace supermarkets, and was incorporated in the State of New York.

9. At all times relevant to this action, ABC Five Wings is an "enterprise engaged in interstate commerce" within the meaning of the FLSA and the NYLL.

10. On information and belief, ABC Five Wings has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

**Defendant Alex Lopez**

11. Defendant Alex Lopez exercises sufficient control over ABC Five Wings to be considered Plaintiff's employer under the FLSA and NYLL.

12. Defendant Lopez is a person engaged in business in Bronx County, who is sued individually in his capacity as an owner, officer and/or agent of ABC Five Wings.

13. Defendant Lopez exercises sufficient control over ABC Five Wings to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees, set employee schedules and conditions of employment, determine rates and methods of payment to employees, and maintain employment records.

14. Defendant Lopez employed Plaintiff and similarly situated employees at all times relevant.

15. Defendant Lopez had substantial and operational control over Plaintiff's working conditions and the practices alleged herein.

## STATEMENT OF FACTS

### Defendants' General Employment Practices

16. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff to work in excess of 40 hours per week without paying appropriate minimum wage and overtime compensation as required by federal and state laws.

17. Specifically, Defendants did not pay any money to Plaintiff for any of the work performed by him during the entire period during which he worked for Defendants. Instead, he received only tips from Food Universe customers.

18. Plaintiff was a victim of Defendants' common policy and practices, which violated his rights under the FLSA and New York Labor Law by, inter alia, not paying him the wages he was owed for the hours he worked.

19. Defendants' pay practices resulted in Plaintiff not receiving payment for all his hours worked, and resulted in Plaintiff's effective rate of pay falling below the required minimum wage rate.

20. In violation of federal and state law as codified above, Defendants classified Plaintiff and other employees as tipped employees, and paid them nothing, when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

21. Defendants regularly paid Plaintiff nothing, even though Plaintiff's non-tipped duties exceeded 20%.

22. Defendants failed to inform Plaintiff that Defendants intended to take a deduction against Plaintiff's earned wages for tip income, as required by the NYLL before any deduction may be taken.

**Plaintiff's Employment with Defendants**

23. From July 2018 through June 30, 2021, Plaintiff worked primarily as a delivery worker on behalf of Defendants.

24. Plaintiff spent approximately 30% of his shift performing non-tipped duties related to the kitchen.

25. Even though approximately 30% of Plaintiff's job duties were non-tipped work, Defendants unlawfully paid Plaintiff nothing for the hours where Plaintiff performed tipped work.

26. Throughout his employment with Defendants, Plaintiff regularly worked more than 40 hours each week.

27. Throughout his employment with Defendants, Plaintiff was not compensated correctly for overtime.

28. Rather, Plaintiff was paid nothing for overtime hours worked.

29. Defendants never discussed overtime work or what constituted Plaintiff's overtime rate of pay with Plaintiff.

30. Defendants did not require Plaintiff to clock in and clock out each day.

31. Plaintiff did not receive a break during his shift.

32. Defendants never provided Plaintiff with any documentation as to his hours or his rate of pay.

### Plaintiff's Work Schedule at Featherbed Food Universe

33. From on or about July 2018 until February 2020, Plaintiff worked seven days per week, from 9:00 a.m. until 9:00 p.m. During that time, approximately once per week, Plaintiff would finish work earlier than 9 p.m., usually around 8 p.m.

34. In or around February 2020, Plaintiff was injured, and did not work for approximately one month thereafter. When he returned, in March 2020, he worked seven days per week, between 9 a.m. and 10 p.m. On approximately ten occasions, Plaintiff was required to come in earlier than 9 a.m., usually at 8 a.m.

35. During this entire time period, Defendants continued to pay nothing to Plaintiff.

### FIRST CAUSE OF ACTION
### FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*
### (Against All Defendants)

36. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

37. Throughout the relevant time period, Plaintiff worked in excess of 40 hours per workweek.

38. At all relevant times throughout Plaintiff's employment, Defendants have operated under a policy of willfully failing and refusing to pay Plaintiff minimum wage for hours worked by him in a given week less than 40, one and one-half times the regularly hourly rate of pay for all work in excess of 40 hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff was entitled to receive overtime payments.

39. At all relevant times throughout Plaintiff's employment, Defendants willfully, regularly, and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for all hours worked in excess of 40 hours per workweek.

40. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### New York Labor Law–Failure to Pay Minimum Wage
### (Against All Defendants)

41. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

42. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

43. At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been the employer of Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

44. At all times relevant, Plaintiff was covered by the NYLL.

45. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff.

46. Defendants failed to pay Plaintiff the minimum hourly wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

47. Through their knowing and intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

48. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**Unpaid Overtime Wages Under New York Labor Law**
**(Against All Defendants)**

49. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NY Labor Law §652 and 12 NYCRR §142-2.2.

51. Defendants failed to pay Plaintiff the overtime premium of one and a half times the regularly hourly rate of pay for all of their overtime hours worked, in violation of the NYLL.

52. Defendants' failure to pay required overtime was willful.

53. As a result of Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants' unpaid overtime wages and liquidated damages, as well as reasonable

attorneys' fees and the costs of this action, including interest, pursuant to the NY Labor Law.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices
### (Against All Defendants)

54. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55. Defendants willfully failed to supply Plaintiff with wage notices, as required by the NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as their primary language, containing Plaintiffs' rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6. § 191.

56. Through their knowing or intentional failure to provide Plaintiff notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*

57. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## FIFTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Wage Statements
### (Against All Defendants)

58. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59. Defendants willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

60. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations regulations.

61. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each work day that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

### SIXTH CAUSE OF ACTION
### New York Labor Law - Spread-of-Hours Pay
### (Against All Defendants)

62. Plaintiff incorporates by reference all allegations in all preceding paragraphs.

63. Throughout his employment, Plaintiff frequently worked more than ten hours in a workday.

64. Defendants willfully failed to compensate Plaintiff with an extra hour's pay at the basic New York minimum hourly wage rate on days in which the length of his workday was more than ten hours, as required by New York law.

65. Through their knowing or intentional failure to pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

66. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for the entry of an order and judgment against Defendants as follows:

a) Damages for the overtime wages due to Plaintiff, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

b) Damages for the unpaid minimum wages, overtime wages, and spread of hours wages, misappropriated tip credit due to Plaintiff, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York state Department of Labor Regulations and notice damages pursuant to Section 195 of the New York Labor Law;

c) For pre-judgment and post-judgment interest on the foregoing amounts;

d) For his costs and disbursements of this action, including attorneys' fees and expenses; and

e) For such other further and different relief as this Court deems just and proper.

Dated: December 6, 2021
       New York, New York

                                            **Law Offices of Vincent E. Bauer**

                                            _/s/_____
                                            Vincent E. Bauer
                                            425 Madison Ave, 17th Floor
                                            New York, NY 10017
                                            (212) 575-1517

                                            _Attorneys for Plaintiff_