USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   5/13/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE ACOSTA,

               Plaintiff,

       -against-

ABC FIVE WINGS INC. and ALEX
LOPEZ,

             Defendants.

Civil Action No. 21-cv-10147 (AJN) (JLC)

**STIPULATED PROTECTIVE ORDER
AND FRE 502(D) AND (E)
CLAWBACK AGREEMENT**

     Defendants, ABC FIVE WINGS INC. (the "Company") and ALEX LOPEZ ("Lopez") (collectively, the "Defendants') by and through their undersigned counsel, Stevenson Marino LLP, and Plaintiff Jose Acosta ("Plaintiff"), by and through his attorney, Vincent Bauer, hereby stipulate as follows:

     **WHEREAS,** the Parties in the above-captioned matter have agreed that the proceedings in the above-captioned matter may involve the discovery and use of confidential, non-public, sensitive, and/or proprietary business, employment, tax, financial, and personally identifiable information, documents and other materials; and

     **WHEREAS,** the Parties have agreed to produce such documents only on the agreement that such "Confidential Information" will be disclosed only as provided herein;

     **WHEREAS,** the Parties have agreed to stipulate to protect documents, data (including electronically stored information) and other information, including, without limitation, metadata (collectively "Documents") subject to privilege or protection under the law, against claims of waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a Court Order, a discovery request or informal production;

     **WHEREAS,** both Parties may be required to produce large volumes of Documents, and the Parties wish to comply with discovery deadlines and complete discovery as expeditiously as

possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Documents produced, including as against third parties and other Federal and State proceedings, and in addition to their agreement, need the additional protections of a Court Order under Rules 502(d) and (e) of the Federal Rules of Evidence ("FRE"), to do so;

**WHEREAS**, in order to comply with applicable discovery deadlines, a Party may be required to produce certain categories of Documents that have been subject to minimal or no attorney review (the "Disclosures"). This Stipulation and Order is designed to foreclose any arguments that by making such Disclosures, the disclosure or production of Documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

    (a)    was not inadvertent by the Producing Party;

    (b)    that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

    (c)    that the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or

    (d)    that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

**WHEREAS,** because the purpose of this Stipulation is to protect and preserve privileged or protected Documents, the Parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

**NOW THEREFORE,** the Parties seek the entry of an Order, pursuant to Federal Rule of Civil Procedure ("FRCP") 26(c), governing the disclosure of Documents and information therein pertaining to "Confidential Information" on the terms set forth herein, as well as an Order, pursuant to FRE 502, governing the return of inadvertently produced Documents and affording them the protections of FRE 502(d) and (e), on the terms set forth herein; and

**NOW THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:**

1. **DEFINITIONS**

   a. <u>Party</u>:  any party to this action, including all of its officers, directors, employees, agents, consultants, retained experts, in-house and outside counsel (and their support staff).

   b. <u>Disclosures or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

   c. <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained) that has not been made public or is not otherwise available or accessible in the public domain and that concerns or relates to the confidential or proprietary information of either Party or any third parties.  Further, Confidential Information or Items is information or items for which disclosure is likely to have the effect of causing harm to either Party, or person from whom the information was obtained, or to the Parties' or third-parties' privacy.  Confidential Information also includes private information pertaining to Defendant's employees, for which the Parties or any third party have a duty to maintain confidentiality.

   d. <u>Confidentiality Designation</u>: the designation of a document or item as "Confidential."

   e. <u>Receiving Party</u>:  a Party that receives Disclosures or Discovery Material from a Producing Party in this action.

   f. <u>Producing Party</u>:  a Party that discloses or produces Disclosures or Discovery Material in this action.

   g. <u>Designating Party</u>:  a Party or third party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

3

h.    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" pursuant to this Order.

i.    <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

j.    <u>In-House Counsel</u>: attorneys who are employees of a Party.

k.    <u>Counsel (without qualifier)</u>:  Outside Counsel and In-House Counsel (as well as their support staffs).

l.    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to this action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

m.    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 2.  SCOPE

This Protective Order will be entered pursuant to FRCP Rule 26(c) and FRE Rule 502. The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in Court or in other settings that might reveal, directly or indirectly, Protected Material.

## 3.  DURATION

Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

## 4.   DESIGNATING PROTECTED MATERIAL

a.      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Designating Party must take care to limit any such designation to specific material that qualifies under appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party must promptly notify the other Party that it is withdrawing the mistaken designation.

b.      <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of Paragraph 4(b)(i) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

**Designation in conformity with this Order requires**:

i.      for **information in documentary form** (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL").

ii.     for **testimony given in deposition or in other pretrial or trial proceedings**, that the Party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that

substantial portions of the testimony may qualify for protection, the Party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty-one (21) days after receipt of the official transcript to identify the specific portions of the testimony as to whether protection is sought ("CONFIDENTIAL"). Only those portions of the testimony that are appropriately designated for protection within the 21 days, as set forth above, shall be covered by the provisions of this Stipulated Protective Order. Until the passage of the 21 days following receipt of the official transcript, the entire transcript shall be treated as "CONFIDENTIAL" pursuant to this Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL", as instructed by the Party offering or sponsoring the witness or presenting the testimony.

iii.      for **information produced in some form other than documentary, and for any other tangible items**, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL". If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL".

c.      <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order from that point forward. The Designating Party may seek relief to address any situation where the Receiving Party refuses, either directly or indirectly, to accord proper treatment of materials after notice of an inadvertent failure to designate by the Designating Party.

## 5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

a.   <u>Timing of Challenges</u>.   If the Receiving Party wishes to challenge the Confidentiality Designation of a particular document or information, it must do so by letter or email to Counsel for the Designating Party.   Unless a prompt challenge to a Designating Party's Confidentiality Designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, the Receiving Party does not waive its right to challenge a Confidentiality Designation by electing not to mount a challenge promptly after the original designation is disclosed.   Until agreement is reached between Parties as to a Confidentiality Designation or the Court rules on a judicial challenge to a Confidentiality Designation pursuant to the procedures set forth in this paragraph 5, the document shall be treated as "CONFIDENTIAL," as applicable, pursuant to this Agreement.

b.   <u>Meet and Confer</u>.   A Party that elects to initiate a challenge to a Designating Party's Confidentiality Designation must do so in good faith and must confer directly (in voice-to-voice dialogue or via email or letter) with Counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the Confidentiality Designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen Confidentiality Designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

c.   <u>Judicial Intervention</u>.   A challenging Party that elects to press a challenge to a Confidentiality Designation after considering the justification offered by the Designating Party shall, within fourteen (14) days after the Parties agree that the meet and confer process will not resolve their dispute, move the Court for an Order determining whether the item has been properly designated as confidential, identifying the challenged material and setting forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that (1) the movant has complied with the meet and confer requirements imposed in the preceding paragraph; (2) the material has been maintained as "CONFIDENTIAL" while the dispute is being

resolved; and (3) sets forth with specificity the justification for the Confidentiality Designation that was given by the Designating Party during the meet and confer process.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's Confidentiality Designation.

## 6.   ACCESS TO AND USE OF PROTECTED MATERIAL

a.      <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party in connection with this case only for prosecuting, defending, or attempting to settle this action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When this action has been terminated, a Receiving Party must comply with the provisions of Paragraph 10, below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

b.      <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

    i.   the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel engaged in the representation of the Parties in the above-captioned action;

    ii.   the Parties (if an entity, this includes present and former officers, directors, agents and employees (including In-House Counsel));

    iii.   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for litigating this action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

iv.   the Court and its personnel, subject to the procedures of Paragraph 9 below;

v.    court reporters, their staff, and Professional Vendors retained for litigating this action;

vi.   potential, anticipated or actual fact witnesses and their counsel to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

vii.  the author of the document or item so designated, or the original source of the information.

## 7.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by email or fax, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The Receiving Party also must immediately inform in writing the individual or entity who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the individual or entity in the other action that caused the subpoena or order to issue.  Under no circumstances shall the Receiving Party produce "CONFIDENTIAL" absent a specific Order by the Court after an appropriate Motion to Quash and/or Compel has been filed.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection of its confidential material in

that other court – and nothing in this Order should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 9. FILING PROTECTED MATERIAL

All documents containing "CONFIDENTIAL" information that are filed with the Court in this action shall, as permitted by the Court, be sealed and designated with the appropriate Confidentiality Designation, along with a notation that the contents are subject to a Protective Order and are not to be revealed except by further Order of the Court.. A Party that seeks to file under seal any Protected Material must comply with all applicable local rules.

## 10. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this litigation (including any appeals), each Receiving Party must either:  (a) return all Protected Material to the Producing Party; (b) or destroy all Protected Material, as directed in writing by the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.   Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60)-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts,

compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 3, above.

## 11. CLAWBACK AGREEMENT

Pursuant to FRE 502(d) and (e), the Parties agree to, and the Court orders, the protection of privileged or otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

a.     The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

b.     The inadvertent disclosure or production of any Document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

c.     If, during the course of this action, a Party determines it has produced a Protected Document:

i.  The Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such document(s).  Such notice shall be in writing; however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by Bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege, and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the FRCP 26(b)(5), setting forth the basis for the claim of privilege or other protection.  In the event that any portion of the Protected

Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

ii.  The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described in the preceding paragraph, return, sequester, or destroy the Protected Document and any copies thereof, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

d.   To the extent that the information contained in a Protected Document has already been used or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs (c) and d above, then the Receiving Party shall sequester such documents until the claim has been resolved.  If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

e.   The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection.  However, the Receiving Party is prohibited and estopped from arguing that:

i.  The disclosure or production of the Protected Documents itself acts as a waiver of an applicable privilege or evidentiary protection;

ii.  The disclosure of the Protected Documents was not inadvertent or deliberate;

iii.  The Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

iv.   The Producing Party failed to take reasonable or timely steps to rectify the error, pursuant to FRCP 26(b)(5)(B) or otherwise.

f.      Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection.  The Producing Party shall preserve the Protected Documents until such claim is resolved.  The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

g.      Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within ten (10) days of the Court's order.  The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

h.      Nothing contained herein is intended to, or shall serve to limit, a Party's right to conduct a review of documents, data (including electronically stored information) and other information, including, without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another Party.

i.      By operation of the Parties' agreement and Court Order, the Parties are specifically afforded the protections of FRE 502 (d) and (e).

## 12. INFORMATION SECURITY PROTECTIONS

a.      <u>Information Security Program</u>.  Any person or entity in possession of a Party's Confidential Information shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Information, protect against any reasonably anticipated threats or hazards to the security of such Confidential Information, and protect against unauthorized access to or use of such Confidential Information. To the extent a person, entity, or Party does not have an information security program, they may comply with this

provision by having the Confidential Information managed by and/or stored with Professional Vendors or claims administrators that maintain such an information security program.

      b.    <u>Unauthorized Access Procedures</u>.  If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, relating to the Producing Party's Confidential Information, the Receiving Party shall:  (i) promptly provide written notice to the Designating Party of such breach; (ii) investigate and take reasonable efforts to remediate the effects of the breach, and provide Designating Party with assurances reasonably satisfactory to Designating Party that such breach shall not recur; and (iii) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach.  If required by any judicial or governmental request, requirement or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Designating Party sufficient prior notice in order to contest such request, requirement or order through legal means.  The Receiving Party agrees to cooperate with the Designating Party or law enforcement in investigating any such security incident.  In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

### 13. MISCELLANEOUS

      a.    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

      b.    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

      c.    Once executed by all Parties, the Stipulation shall be by treated by the Parties as an Order of Court until it is formally approved by the Court.


**IT IS SO STIPULATED.**

Dated: _5/13/22_

Justin R. Marino
STEVENSON MARINO LLP
105 Maxess Road, Suite 124
Melville, NY 11747
Tel: (212) 939-7228
Fax: (212) 531-6129
Attorneys for Defendants

Dated: _5/13/22_

Vincent E. Bauer
425 Madison Avenue, 17th Floor
New York, NY 10017.
212.575.1517
Attorneys for Plaintiff

**IT IS SO ORDERED.**

Dated: May 13, 2022
        New York, New York

JAMES L. COTT
United States Magistrate Judge

15