```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
JOSE ACOSTA,                                               :
                                                           :
                        Plaintiff,                         :
                                                           :      ORDER
                                                           :
         -v-                                               :      21-CV-10147 (JLC)
                                                           :
ABC FIVE WINGS, INC., et ano.,                             :
                                                           :
                        Defendants.                        :
-----------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __03/27/2023__

**JAMES L. COTT, United States Magistrate Judge.**

The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) for purposes of reviewing their proposed settlement (Dkt. No. 52) and have now submitted a joint letter in support of settlement (Dkt. No. 49) along with their proposed agreement (Dkt. No. 49-1) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). In this case, plaintiff alleged violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA") and New York Labor Law.

Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the FLSA, as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). Moreover, given Defendants' apparent financial circumstances stemming from the COVID-19 pandemic (requiring a lengthy payment schedule as part of the settlement) and Plaintiff's

expressed concerns about collectability, the "potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). *See also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

    Having carefully reviewed the joint letter in support of settlement as well as the proposed settlement agreement, and having participated in several lengthy conferences that led to the settlement, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs) appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), a case considered to be a touchstone in evaluating wage-and-hour settlements.[1] Among other things, the agreement appears to be "the product of

---

[1] Although there is no proportionality requirement, attorney's fees in FLSA cases generally amount to a third of the settlement award, as is the case here. *See, e.g., Manjarrez v. Bayard's Ale House LLC*, No. 21-CV-1968 (OTW), 2022 WL 17363952, at *2 (S.D.N.Y. Dec. 1, 2022) (citing *Fisher v. SD Protection, Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a reasonable attorney fee to be paid by the defendant")). *See also Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"). The Court's approval of the allocation of attorney's fees, however, should not be construed as an approval of the hourly rate of plaintiff's counsel (and, in fact, that rate appears significantly higher than those of most plaintiff's counsel in similar cases). Notably, courts in this District

arm's-length bargaining between experienced counsel." *Id.* Accordingly, the settlement is hereby approved.[2]

As provided in paragraph 4(d) of the settlement agreement, the Court will retain jurisdiction over this case for the sole purpose of enforcing the parties' settlement.

This action is dismissed with prejudice. The Clerk is respectfully directed to close this case.

**SO ORDERED.**

Dated: March 27, 2023
       New York, New York

                                            JAMES L. COTT
                                            United States Magistrate Judge

---

routinely award hourly rates of $300 to $400 per hour for experienced attorneys in labor and employment law cases. *See, e.g., Acharya v. Solanki*, No. 18-CV-8010 (MKV) (JLC), 2022 WL 1144696, at *7 (S.D.N.Y. Apr. 12, 2022) (collecting cases), *adopted by* 2022 WL 1239585 (Apr. 27, 2022).

[2] Approval of the settlement agreement should not be deemed an approval of the tax allocations to which the parties have agreed.